No. 80-241

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

TIMOTHY J. CALAWAY,

Plaintiff and Respondent,

vs.

SID JONES,

Defendant and Appellant.

---

Appeal from:   District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Randono & Donovan, Great Falls, Montana

For Respondent:

Marra, Wenz, Johnson & Hopkins, Great Falls, Montana

---

Submitted on briefs: December 11, 1980

Decided: MAR 4 - 1981

Filed: MAR 4 - 1981

Thomas J. Kearney

_____
                          Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by the defendant from the District Court's refusal to set aside a judgment in favor of the plaintiff and a dismissal of defendant's counterclaim in the Eighth Judicial District, Cascade County.

On December 5, 1972, Timothy J. Calaway filed a complaint against Sid Jones seeking damages for the loss of a potato crop allegedly caused by Jones's failure to provide an irrigation system. Jones denied any responsibility for the loss and filed a counterclaim alleging sums due and owing from Calaway. Jones also filed a third party complaint seeking both affirmative relief and indemnification against Parker Irrigation Supply, Inc., Simpson Timber Company and B. F. Goodrich Company.

On May 12, 1977, Simpson Timber Company moved to dismiss the third party complaint for want of prosecution. The remaining third party defendants later joined in the motion. Following a hearing, the motion was granted by the District Court on June 7, 1977.

Jones appealed the order of dismissal to this Court. We affirmed the District Court's order on June 28, 1978, finding that Jones had failed to take any significant action towards a final determination of the case as characterized by his failure to timely respond to interrogatories and appear at a scheduled deposition. See Calaway v. Jones (1978), 177 Mont. 516, 582 P.2d 756.

Following this Court's affirmation of the dismissal of Jones's third party complaint, George N. McCabe filed a motion to withdraw as attorney of record for Jones. This motion was granted by the District Court on November 2,

1978.

After waiting eight months for Jones to secure substitute counsel, Calaway, on August 1, 1979, filed a "Notice to Appoint Counsel or Appear in Person" and a "Notice of Readiness for Trial." Both notices had been served on Jones by the Cascade County sheriff on July 21, 1979.

On August 6, 1979, the District Court issued an order for pretrial conference and directed that copies of the same be sent to the respective counsel for the parties. Included in the order was the following provision:

> "That in event of a failure of a party or parties to appear, pursuant to this Order, an ex parte hearing shall be held and an appropriate Judgment rendered or dismissal ordered, unless continued, pursuant to request made at least 48 hours in advance, for good cause shown."

Jones's copy of the order was sent to his previous counsel of record, George McCabe, even though McCabe had withdrawn with court approval some nine months earlier. McCabe, upon receiving the order, states he forwarded it to Jones by ordinary mail, together with a carbon copy of a letter sent to the district judge who signed the order and a note suggesting that Jones contact an attorney. The letter McCabe sent to the district judge was dated August 20, 1979. It stated that McCabe had withdrawn as Jones's attorney of record and that he was sending a copy of the order for pretrial conference directly to Jones. McCabe further testified that the order and accompanying letter would have been mailed by his secretary as a matter of routine.

Jones denies having received any correspondence from McCabe or a copy of the order for pretrial conference.

Jones failed to appear at the September 27, 1979, pretrial conference. As a result of this failure, the District Court, on October 1, 1979, issued an order of judgment in favor of Calaway and an order of dismissal of Jones's counterclaim. The judgment was for $10,379.23, together with costs and interest at a rate of 6 percent per annum from September 1, 1971.

On November 15, 1979, Jones moved the District Court for an order setting aside the judgment and dismissal of his counterclaim. Following a hearing, the District Court denied the motion on May 16, 1980. Jones now appeals.

The issue presented for review is whether the District Court abused its discretion in denying the motion to set aside the judgment and order of dismissal.

The sole fact presented to move the discretion of the trial court was a contention by Jones that he failed to receive any notice of the scheduled pretrial conference.

Entering a default judgment or dismissal with prejudice is a drastic sanction to impose as a remedy for failing to attend a pretrial conference. Consequently, the trial court should only resort to such a remedy in extreme situations where there is a clear record of continual delay, abuse and disregard of the court's authority by the errant party. See Silas v. Sears, Roebuck & Co., Inc. (5th Cir. 1978), 586 F.2d 382; Link v. Wabash Railroad Company (1962), 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, reh. denied 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112.

Throughout this action Jones has displayed an attitude of unresponsiveness. Such attitude is evidenced by Jones's failure to timely respond to interrogatories; to

appear at depositions; and in his failure to seek substitute counsel for more than eight months after his first attorney had withdrawn. Based upon this disregard of the judicial process and an apparent inclination to delay the timely resolution of this action, the District Court would have been within the permissible range of discretion in imposing sanctions of default and dismissal for failing to attend the pretrial conference if Jones received notice of the conference and his required attendance.

The evidence concerning the notice was conflicting. In reviewing the submitted record, however, in a light most favorable to Calaway as the prevailing party and in relation to Jones's continual unresponsive attitude, we conclude there is sufficient evidence to support the District Court's finding that Jones received information concerning the time and place of the pretrial conference. We find no abuse of discretion.

The judgment in favor of Calaway and the dismissal of Jones's counterclaim as entered by the District Court are hereby affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-