No. 85-431

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

HAROLDEEN WITTY,

        Plaintiff and Respondent,

vs.

HARRELL W. PLUID, JR., and
LYLE PLUID,

        Defendants and Appellants.

_____

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
Honorable Robert M. Holter, Judge Presiding.

COUNSEL OF RECORD:

    For Appellant:

        Murphy, Robinson, Heckathorn & Phillips, I. James
Heckathorn, Kalispell, Montana

    For Respondent:

        Measure, Ogle & Ellingson, Jeffrey D. Ellingson,
Kalispell, Montana

_____

Submitted on Briefs:  Dec. 18, 1985

Decided:  February 20, 1986

Filed:  FEB 20 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellants appeal from the judgment of the Lincoln County District Court ordering appellants to pay respondent's expert witness fees.

We reverse.

The sole issue on appeal is whether the order of the District Court directing appellants to pay respondent's expert witness fees is proper.

Respondent brought an action in the District Court and, after a jury trial, prevailed on the merits. Respondent then submitted to the trial court her memorandum of costs and disbursements.

The appellants objected, moved to strike the cost bill as frivolous, moved the court to tax costs in accordance with § 25-10-502, MCA, and impose sanctions pursuant to Rule 11, M.R.Civ.P. Following submission of briefs and a hearing, the trial court issued its order allowing respondent her costs for expert witnesses. The court awarded costs for four expert witnesses in the amount of $1,000, $1,700, $500, and $410. This appeal followed.

We have addressed this issue before in Swenson v. Buffalo Building Co. (Mont. 1981), 635 P.2d 978, 38 St.Rep. 1588. In Buffalo, the appellant appealed the trial court's allowance of $1,500 for expert witness fees. We stated:

> A verified memorandum of costs and disbursements is prima facie evidence that the items were necessarily expended and are properly taxable, unless, as a matter of law, they appear otherwise on the face. The burden of overcoming this prima facie case rests upon the adverse party.

635 P.2d at 985. In the instant case, respondent's costs for expert witnesses are not properly taxable as a matter of law.

Witness fees are controlled by statute. Section 26-2-501, MCA, states:

Witnesses in courts of record and before certain court officers. (1) Witness fees are as follows:

(a) for attending in any civil or criminal action or proceeding before any court of record, referee, or officer authorized to take depositions or commissioners to assess damages or otherwise, for each day, $10; . . .

Section 26-2-505 states:

Expert witnesses. An expert is a witness and receives the same compensation as a witness.

The respondent argues that § 25-10-201, MCA, gives a district court the discretion to award costs for expert witnesses. That section states:

Costs generally allowable. A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows:

. . . (9) such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law.

Where there are two statutes concerning the same subject, the particular controls the general. Section 1-3-225, MCA. See also State Consumer Counsel v. Department of Public Service Regulation (1979), 181 Mont. 225, 593 P.2d 34.

In this case, we have a statute specifically limiting expert witness fees to $10 per day. This statute controls the general statute authorizing a district court to award costs in accordance with the course and practice of the court.

Of course, a party can pay an expert witness any fee he or she chooses, but a district court cannot award costs in excess of $10 per day per witness.

Therefore, we hold that the trial court abused its discretion in ordering appellants to pay the costs of respondent's expert witnesses in excess of $10 per day per witness. This matter is remanded to the District Court with instructions to enter judgment in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -