No. 94-336

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

VICTORIA KLOEPFER,

      Petitioner and Appellant,

  -v-

LUMBERMENS MUTUAL CASUALTY CO.,

      Insurer and Respondent for

BECHTEL CONSTRUCTION CO.,

      Employer and Respondent.

APPEAL FROM:    Workers' Compensation Court
              The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        James G. Edmiston, III, Billings, Montana

      For Respondent:

        Steven S. Carey, Garlington, Lohn & Robinson, Missoula, Montana

      For Amicus:

        Patrick R. Sheehy, Halvorson, Sheehy & Plath, Billings, Montana (Montana Trial Lawyers Association)

FILED

JUL 25 1995

Filed:

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: March 16, 1995

Decided: July 25, 1995

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the Order Awarding Costs of the Workers' Compensation Court which disallowed as a recoverable cost the expert witness fee of $750 charged for the deposition testimony of Victoria Kloepfer's treating physician. We reverse.

The only question on appeal is whether the Workers' Compensation Court erred when it disallowed the payment of $750 as the fee charged by claimant's treating physician for the taking of a deposition based upon the Witty rationale.

Victoria Kloepfer (Kloepfer) sustained an injury to her back on April 14, 1992, while undergoing physical therapy at the Billings Clinic Work Hardening Center (Clinic) where she was undergoing treatment for an existing occupational disease of her arm. Kloepfer's physician, Peter V. Teal, M.D., testified that she had in fact injured her back at the Clinic. Dr. Teal's testimony was presented to the court by way of a deposition taken in his office on September 14, 1993, for which he charged Kloepfer $750.

Although several other doctors testified for the insurer that Kloepfer had not been injured at the Clinic, the Workers' Compensation Court relied on Dr. Teal's deposition and found that Kloepfer had been injured at the Clinic.

The Workers' Compensation Court ordered that Kloepfer receive occupational disease benefits and medical and hospital benefits for her back injury. The court also awarded Kloepfer her costs. The court permitted the costs of medical records but denied Kloepfer the $750 cost for Dr. Teal's deposition fee.

2

Kloepfer filed a Request for Redetermination of Costs and the parties further briefed the issue. The court again denied the $750 stating that "irrespective of past practice" it had to follow the directives set out in Witty v. Pluid (1986), 220 Mont. 272, 714 P.2d 169; and Baeta v. Don Tripp Trucking (1992), 254 Mont. 487, 839 P.2d 566.

Kloepfer appeals the Workers' Compensation Court's denial of the $750 for Dr. Teal's deposition.

Did the Workers' Compensation Court err when it disallowed as a recoverable cost the expert witness fee of $750 charged for the deposition testimony of Victoria Kloepfer's treating physician?

Kloepfer argues that the Workers' Compensation Court misconstrued the case law upon which it relied. Further, Kloepfer contends that the court has historically awarded witness fees for testimony by way of deposition.

The insurer argues that § 25-10-201, MCA, made applicable to the Workers' Compensation Court by the Baeta case requires that the court can only award witness fees of $10 per day per witness, including fees of expert witnesses.

Our standard of review is whether or not the Workers' Compensation Court correctly interpreted the law. Russette v. Chippewa Cree Housing Authority (1994), 265 Mont. 90, 874 P.2d 1217. The District Court disallowed the $750 charged by Kloepfer's physician for his deposition based upon the court's conclusion that Witty and Baeta were precedent for its decision.

Witty was a case tried in District Court in which the court had to reconcile two conflicting civil procedure statutes dealing

3

with the compensation for witnesses who appear at trial:

> Witnesses in courts of record and before certain court officers. (1) Witness fees are as follows:
> (a) for attending in any civil or criminal action or proceeding before any court of record, referee, or officer authorized to take depositions or commissioners to assess damages or otherwise, for each day, $10 . . .

Section 26-z-501, MCA.

> Costs generally allowable. A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows:
> . .
> (2) the expenses of taking depositions;
> . .
> (9) such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law.

Section 25-10-201, MCA. The Witty Court stated that "[w]here there are two statutes concerning the same subject, the particular controls the general." Witty, 220 Mont. at 272, 714 P.2d at 170.

In Witty, we concluded that the specific statute, § 26-2-501, MCA, which states that expert witnesses can only receive $10 per day controls the more general statute, § 25-10-201, MCA, which says that the court can award costs in keeping with its course of practice. Witty, 220 Mont. at 274, 714 P.2d at 170. Because the case was in district court, that court did not consider either the rules or procedure applicable to cases before the Workers' Compensation Court.

The statutes governing workers' compensation claims direct the Workers' Compensation Court to be bound by "the Montana Administrative Procedure Act" and the "common law and statutory rules of evidence." Section 39-71-2903, MCA. The statutes governing workers' compensation cases do not require that the

4

Workers' Compensation court comply with the rules of civil procedure applicable to district court proceedings.

Yet, we decided in Baeta that § 25-10-201, **MCA,** applied to the Workers' Compensation Court's award of costs. The Baeta Court stated:

> A claimant, like any other party, is still subject to the mandates of § 25-10-201, MCA, and the court's authority to tax costs. There can be no question that even under the "net recovery" concept, the court has discretion in determining fees. The same holds true for costs, subject to the mandates of § 25-10-201, MCA. We hold that the Workers' Compensation Court did not abuse its discretion in its award of costs.

Baeta, 254 Mont. at 494, 839 P.2d at 570. The holding in Baeta was affirmed in Stevens v. State Fund (1994), 268 Mont. 460, 886 P.2d 962, where this Court stated:

> Section 25-10-201, MCA, is a general statute which governs the award of costs and was made applicable to workers' compensation cases in Baeta v. Don Tripp Trucking (1992), 254 Mont. 487, 493-94, 839 P.2d 566, **570. . . .**

The statutes applicable to the Workers' Compensation Court were not considered in either Baeta or Stevens. In pertinent part these workers' compensation statutes provide:

> **Costs and attorneys' fees payable on denial of claim or termination of benefits later found compensable.** (1) The insurer shall pay reasonable costs and attorney fees as established by the workers' compensation court if:
> (a) the insurer denies liability for a claim for compensation or terminates compensation benefits;
> (b) the claim is later adjudged compensable by the workers' compensation court . . . (Emphasis added.)

Section 39-71-611, MCA. Further, the legislature reinforced this standard in another statute:

> **Costs and attorneys' fees that maybe assessed against an insurer by workers' compensation judge.** (1) If an insurer pays or submits a written offer of payment of

5

compensation under chapter 71 or 72 of this title but controversy relates to the amount of compensation due, the case is brought before the workers' compensation judge for adjudication of the controversy, and the award granted by the judge is greater than the amount paid or offered by the insurer, a <u>reasonable attorney's fee and costs as established by the workers' compensation judge</u> if the case has gone to a hearing may be awarded by the judge in addition to the amount of compensation. (Emphasis added.)

Section 39-71-612, MCA.

The above statutes establish that "reasonable costs and attorney's fees" may be awarded in workers' compensation cases. As a result, the costs payable in Workers' Compensation Court under the reasonable costs standard are not necessarily comparable to the standard applied in normal district court cases.

Medical depositions have been consistently used in workers' compensation cases and the costs of such testimony have been routinely allowed by workers' compensation judges. We conclude that the workers' compensation statutes do not require that we diminish a claimant's award by making the claimant pay the high costs of medical depositions which are a requirement in many cases for obtaining benefits.

We also point out that the statutes covering workers' compensation state that the "assessments" made by the Workers' Compensation Judge are the exclusive assessments that can be levied against an insurer for disputes arising under Chapter 71. See § 39-71-2905, MCA. This statute establishes the necessity of finding the cost assessment standards in Chapter 71. Further, there is no issue of fact regarding the past practice of the Workers' Compensation Court to award a successful claimant the cost of

medical **testimony** and depositions.  Attorneys for both sides agree such costs have been traditionally awarded.

We specifically overrule <u>Baeta</u> and <u>Stevens</u> in their holding that § 25-10-201, MCA, governs the award of costs which may be allowed in a workers' compensation case.  We further reverse the holding of the Workers' Compensation Court when it relied on <u>Witty</u> and the provisions for $10 per day witness fees allowed for witnesses in a district court civil proceeding, as that holding is not applicable to workers' compensation cases.

We hold that the Workers' Compensation Court erred in disallowing the payment of $750 as the cost of taking the treating physician's deposition.

We amend the Order Awarding Costs entered by the Workers' Compensation Court and hold that Kloepfer shall recover the sum of $750 as the expert witness fee for Dr. Teal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice James C. Nelson specially concurs.

I concur in the result reached in our opinion, but I disagree in our decision to overrule <u>Baeta</u> and <u>Stevens.</u> That is unnecessary, and neither the parties nor *amicus* requested that we overrule either of those cases. The problem in this case is not <u>Baeta</u> or <u>Stevens.</u> The problem is <u>Witty</u> and the Court's assumption that because <u>Wittv,</u> a district court case, interpreted § 25-10-201, MCA, in a certain limiting manner, that interpretation automatically is applicable to workers' compensation cases. A fair reading of <u>Baeta</u> and <u>Stevens</u> does not support that conclusion.

<u>Baeta</u> did not address Witty much less determine that the particular rule enunciated in that case limiting expert witness fees to the amount provided by § 26-2-501, MCA, was applicable to workers' compensation cases. More important, <u>Baeta</u> did not address the specific language of § 25-10-201(9), MCA, cited above. At most, <u>Baeta</u> generally applied § 25-10-201, MCA, to workers compensation cases and held that § 25-10-201, MCA, defines the sorts of costs that may be awarded under § 39-71-612, MCA.

Similarly, while <u>Stevens</u> relied on <u>Baeta, Stevens</u> did not address <u>Wittv.</u> We simply pointed out that <u>Baeta</u> made § 25-10-201, MCA, applicable to workers' compensation cases. We then went on to discuss why, ***under subsection (9) of that*** statute, the Workers' Compensation Court did not abuse its discretion in refusing to award private investigator costs to the prevailing claimant. We pointed out in <u>Stevens,</u> that the investigator costs at issue in that case were not historically awarded within the course and

8

practice of the Workers' Compensation Court, nor was there any express provision of law which mandated an award of costs for such services or special statute which excepted investigator costs from the list of items in § 25-10-201, MCA. <u>Stevens,</u> 886 P.2d at 968-69.

Given that <u>Witty</u> was a district court case rather than a workers' compensation case ; given that § 25-10-201(9), MCA, authorizes the taxing of reasonable and necessary expenses according to the course and practice of the court; given that it is undisputed that physician deposition costs have been traditionally awarded to the prevailing claimant in workers' compensation cases; and given that the legislature has specifically allowed the Workers' Compensation Court to award reasonable costs in contested cases where the claim is determined to be compensable, I would simply hold that, consistent with <u>Baeta</u> and <u>Stevens,</u> the Workers' Compensation Court had discretion to award Kloepfer her physician deposition costs.

Accordingly, I specially concur only in the result of our decision.

_____
Justice

Justice Karla M. Gray concurs in the foregoing special concurrence.

_____
Justice