DA 12-0153

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 310N

PAUL W. JONES and MARCIA B. JONES,

       Plaintiffs and Appellees,

  v.

JAMES D. SHAURETTE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV-04-20
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Karl K. Rudbach; Ramlow & Rudbach, PLLP, Whitefish, Montana

       For Appellees:

           Richard De Jana; Richard De Jana & Associates, PLLC, Kalispell,
Montana

Submitted on Briefs:  December 12, 2012

Decided:  December 27, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James D. Shaurette appeals from the District Court's Findings of Fact, Conclusions of Law and Order, dated January 18, 2012. We affirm in part and reverse in part.

¶3 The parties own adjacent lots on Bull Lake in Lincoln County. The Joneses acquired Lot 8 in 2000 from family members and had a survey done in 2002. That survey showed that three of Shaurette's buildings located near the lake shore on Lot 9 encroached from 12 to 24 feet onto the Joneses' Lot 8. In the area of the encroachment near the lake each lot is approximately 75 feet wide and Lot 8 is undeveloped apart from Shaurette's buildings. The Joneses sued Shaurette seeking an order to require removal of the encroaching buildings from Lot 8. The District Court conducted a bench trial on November 8, 2011.

¶4 The District Court found that Shaurette's buildings have been in place for 25 to 30 years and that no one had sought or obtained permission for the encroachments from any owner of Lot 8. Shaurette has never paid property taxes on the portion of Lot 8 occupied by his buildings. Neither the Joneses nor their predecessors in interest knew of the

2

encroachment until after the 2002 survey. The District Court further found that neither the Joneses nor their predecessors in interest had engaged in any activity that would estop them from maintaining this action, or that would equitably entitle Shaurette to continue the encroachment. The District Court concluded that under the facts the Joneses' action was not barred by the statute of limitation or by laches.

¶5 The District Court concluded that while Shaurette claimed a prescriptive easement for the buildings encroaching on Lot 8, because the encroaching buildings effectively enclosed portions of Lot 8 to the exclusion of entry by others, Shaurette's only recourse was to claim title by adverse possession. That claim was precluded by the fact that Shaurette never paid taxes on the Lot 8 property as required by § 70-19-411, MCA. Therefore, the District Court concluded that Shaurette's claim of right to use Lot 8 is subordinate to the Joneses' legal title and ordered Shaurette to remove the encroaching buildings.

¶6 On appeal Shaurette argues that the District Court erred in denying his claim for a prescriptive easement for his encroaching buildings; that the District Court erred in holding that the Joneses' claims were not precluded by laches or the statute of limitations; that the District Court should have applied a "relative hardship doctrine" to allow the buildings to stay; and that the District Court erred in awarding costs to the Joneses.

¶7 A party seeking a claim of adverse possession must prove the claim--open, notorious, exclusive, adverse, continuous and uninterrupted use--by clear and convincing evidence. *Meadow Lake Estates v. Shoemaker*, 2008 MT 41, ¶¶ 36-37, 341 Mont. 345, 178 P.3d 81. The requisite open and notorious use is a "distinct and positive assertion of

3

a right hostile to the rights of the owner and brought to the attention of the owner." *Combs-Demaio Living Trust v. Kilby Butte Colony*, 2005 MT 71, ¶ 14, 326 Mont. 334, 109 P.3d 252. This Court reviews findings of fact entered after a civil bench trial to determine if they are supported by substantial credible evidence, viewed in a light most favorable to the prevailing party and leaving the credibility of witnesses and the weight to be given to testimony to the district court. *Kurtzenacker v. Davis Surveying*, 2012 MT 105, ¶ 14, 365 Mont. 71, 278 P.3d 1002. The District Court decided the issues properly brought on for trial, based its findings of fact upon substantial evidence in the record, and properly applied its conclusions of law to those facts.

¶8 Shaurette also contends that the District Court erred in awarding certain costs to the Joneses. We affirm the District Court's award of costs except as related to the survey of Lot 8. One of the Joneses' claimed costs allowed by the District Court was for "Expert witness fee for preparation of survey and time testifying $250.00." The parties agree that the Joneses commissioned the survey of Lot 8 prior to the commencement of the litigation, and prior to their knowledge that there was even a basis for commencing litigation. In filings before the District Court the Joneses stated that the $250 they sought for the survey item did not include the statutory fee for a witness' trial testimony. *Witty v. Pluid*, 220 Mont. 272, 714 P.2d 169 (1986) (a district court cannot award more than the statutory $10 per day as costs for an expert's testimony). Because the survey was commissioned prior to the litigation and not for purposes of the litigation, the Joneses may not recover the costs of the survey. *Hitshew v. Butte-Silver Bow County*, 1999 MT 26, ¶¶ 31-34, 293 Mont. 212, 974 P.2d 650.

4

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.  The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. We reverse the award of costs to the Joneses for "Expert witness fee for preparation of survey and time testifying $250.00" and remand to the District Court for the sole purpose of entry of a revised order of costs.

¶10    Affirmed in part and reversed in part.


/S/ MIKE McGRATH


We concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE