PER CURIAM.
This is an appeal by certiorari in a workmen’s compensation case. We have carefully examined the record and find that- the order of the deputy commissioner as approved by the full Florida Industrial Commission is supported by competent substantial evidence except as to the award of attorney’s fees, with which exception cer-tiorari is denied.
As to attorney’s fees petitioners contend that the award in these cases, $600 as to James R. Watts and $4,400 as to Joseph M. Dibbs, were excessive and that the deputy commissioner not only abused his discretion but erred as a matter of law in awarding attorney’s fees in such amounts.
The question of awarding attorney’s fees is at best and at all times a delicate question to deal with, but in a country like ours we can think of no business that is more deeply affected with a public interest than the practice of law. This is particularly true in litigating workmen’s compensation cases, a comparatively new field of law, in many respects different from other fields, governed by different rules and so rigidly regulated by statutes, one of which requires that all doubts be construed in the interest of the claimant.
It is accordingly our view that when a charge of excessive or unlawful attorney’s fees is alleged and plausibly advocated, it becomes the duty of this court to investigate the charges and if the fee is shown to be unreasonable or excessive, designate such a fee as would be reasonable or return the case to the deputy commissioner for further consideration. We think § 59.34, Florida Statutes, F.S.A., contemplates this. It pro *416 vides that the appellate court, “on an appeal, shall examine the record, and reverse or affirm the judgment, sentence or decree of the court below; give such judgment, sentence, or decree as the court below should have given; or otherwise as to it may appear according to law.” It would hardly be possible to give this court more power or a broader discretion to modify or set aside judgments of lower courts or tribunals to make them square with the law of the case or justice of the cause.
By his order dated July 20, 1960, the deputy commissioner found that pursuant to § 440.13, Florida Statutes, F.S.A., Joseph M. Dibbs was entitled to remedial treatment, care and attention and to compensation for temporary total disability at the maximum rate from January 9, 1960, until he reaches maximum medical improvement and directed that said benefits be paid by the carrier. Jurisdiction was retained for the purpose of deciding when the claimant reached maximum medical improvement and for such other proceedings as might be appropriate, including a hearing set for August 4, 1960, to take evidence and determine a reasonable fee to be awarded counsel for Dibbs for his services.
At the hearing August 4, 1960, the claims for attorney’s fees on the part of Dibbs and Watts were consolidated and heard on the same record because both were employed by the same employer, had the same carrier and much of the evidence was applicable to both claims. We think the deputy commissioner correctly found that he had jurisdiction in both the Dibbs and Watts cases. He reviewed Florida Silica Sand Co. v. Parker, Fla.1960, 118 So.2d 2; Port Everglades Terminal Co. v. Canty, Fla.1960, 120 So.2d 596, and other cases bearing on the question of reasonable attorney’s fee in workmen’s compensation cases.
At great pains the deputy commissioner ■discussed the number of claims that were lodged with the Florida Industrial Commission during the year 1959 — 190,000 claims. He further pointed out that 11,-709 of these claims were referred to deputy commissioners and that of these 6,615 were reviewed, adjusted or settled in conference; in 4,803 of them awards were made, and in 291 claims testimony was taken and transcribed.
Three experienced attorneys were produced and testified to the effect that they had examined the record and judgments in the Watts and Dibbs cases. The first of said attorneys thought that a fee of $6,500 to $6,750 would be reasonable for the two cases. The second attorney thought that a fee of $5,750 to $6,000 should be allowed in the two cases. The third attorney thought that a fee of approximately $6,000 should be allowed in both cases.
An attorney produced by the employer and carrier testified that he had devoted the last 22 years to handling workmen’s compensation cases and was familiar with the fees paid in such cases. He thought that a reasonable fee in the Watts case would be $250 to $275, and that a reasonable fee in the Dibbs case would be $1,750 to $2,000. It was further brought out that the minimum fee schedule of the Florida Industrial Commission in workmen’s compensation cases was $1,870, plus $270; that the minimum fee schedule of The Florida Bar Committee was $3,200, plus $360. The deputy commissioner averaged these figures and gave consideration to all of them but did not rely on them to reach a quotient decision. Other evidence was taken and considered but from recitations herein it appears that The Florida Bar Committee scale influenced the deputy commissioner more than any other factor in making up his judgment as to the award of attorney’s fees in the Watts and Dibbs cases.
This court is sensitive to the fact that an attorney is entitled to adequate compensation for his services. It is also sensitive to the fact that in workmen’s compensation cases the attorney’s compensation must be determined with reference to the rights and *417 equities of the employer, the insurance carrier and the claimant. We are advised by the Florida Industrial Commission that there are 212 insurance carriers licensed to write compensation insurance in Florida. As of December 30, 1960, there were 2,672 self insurers in the state. The self insurers are members of other coverage groups such as the Florida Automobile Dealers Association, the Hotel Association and many others, some of which are serviced by special service organizations, like Corporate Group Service of Miami and Robert F. Coleman of Sarasota. In addition to these, there are smaller groups of self insurers, for example, a small group of construction contractors in Tallahassee. There are many such groups throughout the state. Some of the larger employers, like International Paper Company and Bell Telephone Company, account for larger groups of employees.
As of December 30, 1960, 84,719 employers complied with the requirements of coverage under the workmen’s compensation law by purchasing private insurance in one or more of the 212 insurance carriers licensed to write compensation insurance in Florida. Self insurers are governed by § 440.38(1) (b), Florida Statutes, F.S.A. More than 20% of the claims being filed with the Florida Industrial Commission at the present time are by employers covered by self insurers. When attorney’s fees are awarded to claimant’s attorney, the amount paid is taken into consideration in rate-making for compensation insurance, and the carriers get credit for such payments. The expense of administering the workmen’s compensation law is prorated among the insurance carriers writing compensation insurance in the state including the self insurers. The gross premiums collected by the insurance companies and the amount of premiums a self insurer would be required to pay if insured are the basis for computing the amount to be assessed. This is why the insurance carrier is interested in the award of attorney’s fees.
The deputy commissioner prefaced his determination of a reasonable attorney’s fee with this observation:
“It will be noted that the criticism of the ‘benefits resulting’ test, made by the opinion in the Port Everglades case, supra, is not applicable here, as there was no uncertainty as to the amount of the benefits received up to the hearing date on August 4, 1960 [said amount being $17,200]. The Supreme Court of Florida noted in the Silica Sand case, supra, that economic factors prevailing in one section of the state which did not apply in other sections of the state could properly be taken into effect in the fixing of fees.”
As to a reasonable fee the deputy commissioner found:
“That in this case the application of the Florida Bar Committee scale makes an appropriate adjustment for such economic factors, and that to the figure of $3,580 thus produced there should be added a figure of $820 representing approximately $150 an hour for every hour of hearing time, together with an additional $600 to compensate for all the other elements mentioned and considered by the witnesses and the undersigned, making an aggregate fee of $5,000.”
As to a reasonable fee on behalf of attorney for Watts, the deputy commissioner found:
“At the hearing on August 4, 1960, counsel for the carrier took the position that the Watts case justified only the minimum fee, if any fee at all, on the ground that the carrier conceded liability to the claimant Watts. The undersigned considers that suggestion to be an oversimplification of the situation. The carrier would have obviously traded an admission of liability to Watts for a reformation of the policy which would have excluded liability to Dibbs. There was no inconsistency *418 of representation on the part of counsel for the claimants, and a capitulation of such large benefit to the insurance company should not at the same time he used to deprecate the services of counsel for the claimant in establishing the liability of the carrier on a basis the carrier would never admit. The undersigned finds that the reasonable value of the services of counsel for the claimant in the Watts case, as a final fee in that case would be, and is, the sum of $600.”
As to a reasonable fee on behalf of attorney for Dibbs, the deputy commissioner found:
“ * * * that counsel for the claimant in this the Dibbs case, is entitled to the award of a reasonable interim fee, without prejudice to his right to receive a further fee based upon all the elements to be taken into consideration in the fixing of reasonable fees in these proceedings under the Florida Workmen’s Compensation Act and against which further and final fee the interim fee awarded at this time will be applied as a credit, and that such an interim fee in the amount of $4,400 is fair and reasonable. It should be carefully noted, as a matter of protection to the counsel for the claimant, that the undersigned has not found nor fixed a reasonable fee for services rendered to August 4, 1960, but only the amount of a reasonable interim fee to be paid on account of the reasonable value of the services of counsel for the claimant in this case as the same may be hereafter found and determined.”
In summary, the deputy commissioner found that there were three hearings in these cases, the one on March 1, 1960, lasting two hours; the one on March 21, 1960, lasting two and one-fourth hours, and the one on March 28, 1960, lasting one and one-fourth hours, consequently a total of five and one-half hours of hearing time was consumed in both cases. It is impossible as a mathematical matter, said the deputy commissioner, to divide the hearing as time between the Watts and Dibbs cases, so the sounder procedure would appear to be the determination of an aggregate fee with the apportionment to be made thereafter.
By analyzing the above figures it must appear that the deputy commissioner arrived at the fee awarded by adopting The Florida Bar Committee minimum fee of $3,580 to satisfy the Watts and Dibbs claims. To this he added $850, representing $150 per hour for hearing time, $600 for incidentals, .making a total of $5,000, of which he allocated $600 to Watts’ attorney and $4,400 to Dibbs’ attorney. Petitioners object to the theory of an interim fee for Dibbs’ attorney, contending that there is not sufficient predicate for it.
Under the facts in the Dibbs case we find no objection to the interim fee since other benefits may have to be determined later and an additional fee awarded. As determined by the deputy commissioner we find these objections to the fee awarded: (1) It is based on an abstract formula that we cannot relate to the testimony or the record in the case. (2) Workmen’s compensation cases, like other lawsuits, must generally be determined by their peculiar facts and the facts in these cases do not warrant the amount awarded. (3) Tampa Aluminum Products Company, Inc., is a small company, employing a small force, not exceeding five men and the amount would impose an inordinate burden on the company. (4) We fail to find support in the record for addition of the $850, representing $150 per hour for hearing time and $600 for incidentals to the fee allowed. (5) The fee of $600 allowed Watts’ attorney was excessive in that the benefits were shown to not exceed $1,200, liability to Watts was admitted, then the cases were tried together and were controlled by the same testimony, as well as other factual circumstances. (6) In awarding the fees in this case it is quite evident that the *419 deputy commissioner did not take into account some of the factors pointed out in this opinion. (7) The workmen’s compensation act was pitched on the theory that the claimant could litigate his own cause but we are aware that in many cases this is not practical; the Dibbs case is in this class but the record does not exceed 375 pages and we fail to find other factors that would warrant the fee allowed. (8) Another thing, workmen’s compensation deals with the problems of the laboring man and his relation to society. Benefits are measured on the basis of compensation. Attorney’s fees are incident to benefits and if not measured by the factors pointed out herein, they are liable to grow and grow until they kill the goose that laid the golden eggs.
For the reasons stated herein, certiorari is granted as to that part of the order fixing attorney’s fees, and the said order is hereby quashed. As to the Dibbs case, we think a fee of $2,200 would be reasonable which is hereby ordered paid. As to the Watts case, we think a fee of $300 would be reasonable which is hereby ordered paid. In all other respects certiorari is denied.
It is so ordered.
TERRELL, Acting C. J„ and THOMAS, HOBSON, THORNAL and O’CONNELL, JJ., concur.