**Ann Crosser GUSTAFSON, Plaintiff and Appellee,**

v.

**Gary Lee GUSTAFSON, Defendant and Appellant.**

**No. 16698.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 14, 1990.

Decided April 11, 1990.

Lewayne M. Erickson of Erickson, Helsper & O'Brien, Brookings, for plaintiff and appellee; Sean M. O'Brien of Erickson, Helsper & O'Brien, Brookings, on brief.

T.F. Martin of McCann, Martin & McCann, Brookings, for defendant and appellant; Thomas L. Fiegen of McCann, Martin & McCann, Brookings, on brief.

MILLER, Justice.

In this divorce case we hold that the trial court abused its discretion in not vacating a default order for child support and rehabilitative alimony, but that it did not err in its ultimate division of property or in its award of attorney fees.

## FACTS AND PROCEDURAL HISTORY

The ultimate facts to this appeal are less complicated than the procedural history. As to the facts, suffice it to say that Ann and Gary Gustafson became acquainted in Huron, South Dakota, in 1978. At that time, Ann was working as a medical technologist and as a waitress. Gary was working at a local meat-packing plant. In 1979, Gary moved to Las Vegas. In October of 1981, Ann joined him. They lived together for a time and were eventually married in August, 1983. A daughter was born in July, 1986. During the time they lived in Las Vegas, Gary was employed as a dealer at a casino and Ann was employed at a pathology lab. The marriage began to deteriorate, and in November 1986 Ann left Gary and returned to South Dakota with the child.

In June, 1987, Ann filed for divorce in South Dakota. The summons and complaint were served on Gary in Beadle County, South Dakota, on June 11, 1987. Within thirty days of that service, Gary retained Huron lawyer John Wehde. Wehde did not file an answer. Initially, Wehde was waiting for some income tax information from the Internal Revenue Service, which information ultimately came into his hands in July, 1987. Through Wehde's admitted inadvertence, and through no fault of Gary, the file "slipped through" Wehde's office system. On July 16, 1987, the trial court (Judge Tucker) held a hearing pursuant to an order to show cause requiring Gary to respond to requests for temporary child support, alimony and attorney fees and expenses. Although they had notice of the hearing, Gary and Wehde failed to appear. The court ordered that Gary pay Ann $600 per month as temporary child support, $600 per month as temporary spousal support, and $1,000 as interim attorney fees.

On August 13, 1987, the date set for trial, although notified, Gary and Wehde failed to appear. Judge Timm heard the evidence and entered a judgment and decree of divorce by default in favor of Ann, on the grounds of extreme mental cruelty. Custody of the minor child was granted to Ann, with child support set at $800 per month (based on a $40,000 annual salary, pursuant to guidelines then in effect under SDCL 25-7-7). Ann was further awarded attorney fees, costs and disbursements of $1,200, and rehabilitative alimony in the sum of $400 per month for forty-eight months. All of the marital property was equally divided. The judgment and decree of divorce was amended on August 19, 1987, to provide that, if Gary became delinquent in child support, Ann could proceed through the Department of Social Services to obtain an order for withholding.

Gary received notice of the entry of the amended judgment and decree of divorce on September 15, 1987. It is not precisely clear when Gary again contacted Wehde, although it appears that Wehde contacted Ann's lawyer in December 1987. In March, 1988, Wehde filed an answer to Ann's complaint and made a motion, pursuant to SDCL 15-6-60(b), to be relieved from the final judgment. In an affidavit Wehde stated that the answer was filed late due to his own inadvertence. Pursuant to a hearing on that motion, Judge Steele (the record does not disclose the reasons or circumstances for changes of judge) entered an order (1) that the final decree of divorce previously entered by Judge Timm be vacated and set aside to the extent that Gary was relieved from the judgment so that *future* child support, alimony and property division could be reconsidered; (2) that the judgment and decree of divorce not be vacated retroactively to relieve Gary from his obligation to pay the child support and alimony previously ordered; (3) that during the pendency of the action, the child support and spousal support would remain the same as previously ordered; and (4) that Ann was awarded attorney fees and costs incurred as a result of the present proceedings.

Another show cause hearing was held June 8, 1988. As a result thereof, a trial date was set for July 21, 1988, and child support was reduced, pending final adjudication, from $800 per month to $400 per month but not retroactively, i.e., Gary still owing $800 a month in temporary child support to Ann for prior months. Subsequently, after the trial, a memorandum de-

cision was issued by Judge Steele, which was incorporated into the findings of fact and conclusions of law. Ultimately, Judge Steele entered an amended judgment and decree of divorce which, among other things, set the child support payments at $350 per month, denied further rehabilitative alimony and awarded Ann a money judgment against Gary for $14,632 ($1,232 as property division, $11,600 for delinquent child support and $1,800 attributable to attorney fees and costs). This appeal followed.

## DECISION

### WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN NOT VACATING PREVIOUSLY ORDERED CHILD SUPPORT AND REHABILITATIVE ALIMONY.

Judge Steele, pursuant to the Rule 60(b) motion, refused to retroactively vacate the original judgment of Judge Timm, but did vacate and set aside the same "to the extent that [Gary] is relieved from the judgment so that the future child support, alimony and property division can be reconsidered by this court[.]" He further continued the previously ordered support and alimony during the pendency of the action.

Although no findings of fact or conclusions of law were entered in support of this order, Judge Steele issued an extensive memorandum opinion. Therein, among other things, he stated:

> It appears in this case that [Gary] did act in a reasonably prudent manner in retaining Mr. Wehde to represent his interests. It is difficult for an individual residing several hundred miles away to keep in constant communication with his attorney. [Gary] SENT THE SUIT PAPERS TO Mr. Wehde promptly, received the Final Decree in September, and Mr. Wehde contacted [Ann's] attorney around Christmastime.

> It is undisputed that Mr. Wehde was negligent in failing to file and serve an Answer in a timely manner; however, it is clear from the record that [Gary] himself was free from neglect. The negligence of an attorney cannot be imputed

to his client to bar the relief requested under these circumstances. *Ackerman v. Burgard,* (S.D.1961), 109 N.W.2d 10.

In our review of a trial court's ruling on Rule 60(b) motions, we will not overturn the decision unless there has been an abuse of discretion. *Clarke v. Clarke,* 423 N.W.2d 818 (S.D.1988); *Peterson v. La Croix,* 420 N.W.2d 18 (S.D.1988); *Strouse v. Olson,* 397 N.W.2d 651 (S.D.1986); *Wegner v. Wegner,* 391 N.W.2d 690 (S.D.1986); *Haggar v. Olfert,* 387 N.W.2d 45 (S.D. 1986).

Further, in attempting to set aside a default judgment under Rule 60(b), the applicant must show not only the mistake, inadvertence, surprise, or excusable neglect but also a probable meritorious defense. *Clarke, supra; Eby v. Misar,* 345 N.W.2d 381 (S.D.1984). We believe Gary met this burden.

Even though, as Judge Steele noted, Judge Timm at the time of the original proceedings found an ability of Gary to pay the support and rehabilitative alimony, all of the facts relating to Gary's financial status were not presented to the court, all because of the neglect of Wehde in failing to appear and to properly represent his client. This occurred through no fault of Gary. Interestingly, after being presented with all of the relevant facts, Judge Steele set later child support at $350 per month ($450 per month less than previously ordered!) and held that Ann was not entitled to rehabilitative alimony (other than that previously ordered by Judge Timm, none of which had been paid).

We are convinced that Judge Steele abused his discretion in the order which gave only prospective relief from the child support and rehabilitative alimony, especially considering the evidence presented in support of the motion and later at trial. Gary more than adequately established his inability to pay the child support previously ordered and made a prima facie showing to question the appropriateness of rehabilitative alimony. We therefore reverse and remand with directions that the trial court vacate the child support and alimony

awards of July 16, 1987, and August 19, 1987, and to then determine the appropriate amount to include in the money judgment.

We have considered the other issues raised by Gary and find them to be lacking in merit. The trial court considered all of the appropriate factors in dividing the marital property and the evidence supports the findings and conclusions. There was no abuse of discretion. *Cole v. Cole*, 384 N.W.2d 312 (S.D.1986); *Temple v. Temple*, 365 N.W.2d 561 (S.D.1985); *Balvin v. Balvin*, 301 N.W.2d 678 (S.D.1981). Similarly, we are convinced that the trial court did not abuse its discretion in awarding attorney fees. (We recognize that $1,200 of the fees awarded were granted at the default trial. However, it is not through the fault of Ann that these were incurred.) We note that the trial court awarded merely a total of $3,000 out of the $6,115.35 incurred. *Cole, supra; Temple, supra; Lien v. Lien*, 278 N.W.2d 436 (S.D.1979).

Lastly, even though we reverse in part, we conclude that Ann is entitled to a partial reimbursement of her appellate attorney fees and we award her $1,500 for that purpose.

Affirmed in part and reversed and remanded in part.

All the Justices concur.