1996 SD 27

**In the Matter of the Estate of Lois A. NELSON, Deceased.**

**Nos. 19143, 19165.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1995.

Decided March 20, 1996.

Alice L. Rokahr of Doyle and Kennedy, Yankton, for appellant and objector Norma Collier.

Celia Miner of Johnson, Heidepriem, Miner & Marlow, Yankton, for appellee executor First Dakota National Bank.

AMUNDSON, Justice.

[¶ 1] Norma Collier (Collier) appeals the circuit court's distribution of the estate of Lois A. Nelson (Testator). First Dakota National Bank Trust Department (Bank) filed a notice of review regarding the circuit court's denial of designation as an independent administrator. We affirm in part, reverse in part and remand.

## FACTS

[¶ 2] Testator died on August 10, 1992. On September 28, 1992, Bank filed a petition requesting probate of the estate under the Independent Administration of Estates Act, SDCL ch. 30–18A. The notice stated a hearing was to be held on October 19, 1992. Collier, was sent notice of the hearing on October 1, 1992. Bank also published notice of the hearing in the Yankton Press and Dakotan on October 5, 12, and 19, 1992. The published notice did not contain the names of the heirs, devisees and legatees of Testator. On October 19, 1992, the same day as the last publication of the notice in the Yankton Press and Dakotan, the circuit court entered an order appointing Bank as executor of Testator's estate. This order did not incorporate language appointing Bank to act under the Independent Administration of Estates Act as provided in SDCL ch. 30–18A. All of Testator's heirs and devisees were sent copies of the order admitting the will to probate and the order appointing executor. The record discloses no objection to the appointment of Bank as executor or to admission of the will for probate.

[¶ 3] After its appointment as executor, on October 19, 1992, Bank held a public auction to sell some of Testator's personal property. A dispute arose because Collier claimed the buffet hutch bequeathed to her was actually a china closet and what Bank was holding to sell as a china closet was actually the buffet hutch. Collier retained James T. Goetz

(Goetz) to represent her during the probate process. On December 1, 1993, following the auction, Bank filed a first and final account, report of administration, and petition for settlement and distribution. The petition and notice of hearing were served by mail and hand delivered on November 30, 1993. Goetz appeared on behalf of Collier at the December 13, 1993, hearing and stipulated to distribution of all property in the estate with the exception of the dining table and chairs, the auctioned buffet hutch, dishes, and certain other household items. On December 15, 1993, the circuit court approved the order of first and final account and the report of administration, and entered a partial decree of distribution withholding the disputed items of personal property. Collier received notice of entry of the order and decree on February 2, 1994. Collier did not appeal at this time.

[¶ 4] In June, 1994, Collier hired Alice Rokhar to replace Goetz as her attorney. On October 6, 1994, Collier filed a motion for relief under SDCL 15-6-60(b)(1), (4), and (6). After a hearing on said motion on November 15, 1994, the circuit court [1] denied Collier's motion on all grounds. At this same hearing, Bank requested the circuit court determine if Bank was an independent administrator. The circuit court determined that Bank, as executor, was not authorized as an independent administrator. Collier asserts the following issues: (1) whether the circuit court had proper jurisdiction over all of the probate proceedings; and (2) whether the trial court abused its discretion when it refused to modify the partial decree of distribution pursuant to SDCL 15-6-60(b)(6). Bank has filed a notice of review to examine whether the trial court erred in holding that Bank was not authorized to act as an independent administrator.

## DECISION

[¶ 5] **I. Jurisdiction over the probate.**

[¶ 6] Under SDCL 16-6-9(5), circuit courts have subject matter jurisdiction over probate matters.[2] Prior to the 1995 adoption of the South Dakota Uniform Probate Code, codified at SDCL Title 29A, probate matters were governed by SDCL Title 30. Nelson's estate was probated from 1992-1993 under SDCL Title 30. Collier claims that several defects in Bank's processing of the probate prevented the circuit court from receiving subject matter jurisdiction over the probate of Nelson's estate. These alleged errors include: (1) hearing to admit will to probate was held the same day as last publication of notice; (2) published notice failed to state the names of the heirs, devisees and legatees; (3) failure of Executor to mail copies of the notice, will and codicils to all of the heirs, devisees and legatees; and (4) Bank's failure to file its affidavit of publication until a year after the initial hearing.

[¶ 7] South Dakota probate statutes provide specific requirements for commencement of a probate proceeding. SDCL 30-6-7 through 30-6-9. Collier alleges that it was error to have the hearing held on the same day as the last publication in the Yankton Press and Dakotan, October 19, 1992. Collier claims SDCL 30-6-7 requires the hearing for appointment of the executor and admission of the will to be at least one day after the last date of publication. "We interpret statutes 'according to [the] manifest intent as derived from the statute as a whole, as well as other enactments relating to the same subject.'" *Sander v. Geib, Elston, Frost Pro. Ass'n*, 506 N.W.2d 107, 122 (S.D.1993) (quoting *Meyerink v. Northwestern Pub. Serv. Co.*, 391 N.W.2d 180, 184 (S.D. 1986)). The relevant portion of SDCL 30-6-7 states: "The hearing upon the petition may be held any time within thirty days from the date of the last publication." This statute provides for a hearing within thirty days after the last publication, it does not preclude a hearing being set on the last publication date. The

---

1. Circuit Judge Arthur Rusch was assigned to the case since Circuit Judge Jay Tapken, who had originally presided over the case, retired.

2. SDCL 16-6-9(5) states:
   The circuit court has original jurisdiction as follows:

   . . .

   (5) In all matters of probate, guardianship, conservatorship and settlement of estates of deceased persons[.]

hearing was held within this time period. From the outset, three weeks before the hearing, the publication stated the date and time for the hearing. *See* SDCL 30–6–8 and –9. No one appeared and objected. There was no procedural error.

[¶ 8] Next, Collier asserts the publication did not meet the strictures of SDCL 30–6–8 for it failed to list the heirs, devisees, and legatees. Under SDCL 30–6–8, a notice of hearing "shall state the time and place of the hearing, the name of the decedent, the name of the executor, and if the executor does not petition, the name of the applicant for letters, and the names of the heirs, devisees, and legatees as shown by the petition. . . ." The names of the heirs, devisees, and legatees were absent from the publication in the Yankton Press and Dakotan. Therefore, this constitutes a technical noncompliance with the statute. Is this error fatal to the probate of Nelson's estate? Although this absence does not depict exemplary probate procedure, we must look to the purpose of the statute to determine whether appropriate notice is given to devisees and legatees. *See* SDCL 30–6–12 (requiring proof of notice "unless the parties appear"). It is obvious that Collier, who is objecting to this aspect of the probate proceeding, received notice, *i.e.,* she hired an attorney to appear for her and object to the sale of certain items of property. Therefore, there was no showing of inadequate notice to Collier and no other party involved in this probate proceeding has filed an objection based on this inadequacy. The trial court did not abuse its discretion in denying relief on this notice issue.

[¶ 9] Collier's third contention is with the failure of Bank to send copies of the notice, will, and codicils to all of the heirs, devisees, and legatees. Pursuant to SDCL 30–6–9, the petitioner shall mail "copies of the notice and will to all of the heirs, devisees, and legatees of the decedent at their post office addresses shown by the petition." Bank was the petitioner in this case, therefore it was delegated this duty. Due to sloppy recordkeeping, the record does not clearly show who received notice, what exactly was sent by notice, and when notice was received. However, it is undisputed that

Collier appeared through her counsel, Goetz, and stipulated to the partial decree of distribution. The trial court, in reviewing the record, found that the statutorily listed parties were sent the required information. The circuit court felt that the statute had been satisfied. *The circuit court's findings of fact* shall not be set aside unless they are clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger,* 85 S.D. 282, 291, 181 N.W.2d 455, 459 (1970). SDCL 30–6–9 requires the petitioner to mail copies of the notice and the will, it does not require that the petitioner establish they received this information. The record supports the circuit court's findings.

[¶ 10] Finally, Collier asserts that Bank's tardy filing of the affidavit of publication eliminated jurisdiction from the circuit court. SDCL 30–6–12 states "the court, unless the parties appear must require proof that the notice has been given" at the time of the hearing. The circuit court found that the notice requirement had been met at the time of the hearing. The affidavit which was filed later was to supplement the record for this appeal and is not required to prove notice was given. Therefore, this argument is without merit.

[¶ 11] **II.   Modification of the partial decree of distribution.**

[¶ 12] The partial decree of distribution was entered December 15, 1993. Collier's counsel stipulated to the distribution of all of the estate except for a few household items. In addition, Collier did not appeal from this decree. Pursuant to SDCL 15–6–60(b)(6), Collier moved to modify the decree on October 6, 1994. Collier's motion alleged that the decree should be modified due to the errors set forth in issue I.

[¶ 13] A motion for relief based upon SDCL 15–6–60(b) is addressed to the sound discretion of the trial court and will not be disturbed on appeal except for abuse. *Gustafson v. Gustafson,* 453 N.W.2d 852, 854 (S.D.1990); *Clarke v. Clarke,* 423 N.W.2d 818, 820 (S.D.1988); *Matter of T.M.B.,* 416 N.W.2d 260, 263 (S.D.1987); *Haggar v. Olfert,* 387 N.W.2d 45, 51 (S.D.1986); *Rogers v.*

*Rogers,* 351 N.W.2d 129, 131 (S.D.1984); *Overvaag v. City of Dell Rapids,* 319 N.W.2d 171, 173 (S.D.1982). SDCL 15–6–60(b) reads:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § 15–6–59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

[¶ 14] The purpose of SDCL 15–6–60(b) is to "preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts." *Peterson v. La Croix,* 420 N.W.2d 18, 19 (S.D.1988) (citing *Rosebud Sioux Tribe v. A. & P. Steel, Inc.,* 733 F.2d 509, 515 (8th Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), *on remand,* 874 F.2d 550 (8th Cir.1989)). This statute provides for extraordinary relief upon a showing of exceptional circumstances. *Clarke,* 423 N.W.2d at 820; *Haggar,* 387 N.W.2d at 51.

[¶ 15] This court has stated:

The remedy [to set aside a judgment] by motion is available only in case of irregular and void judgments (irregular and void by reason of the want of jurisdiction or want of adherence to some essential legal procedure), and cannot be resorted to as a

means of enabling the court to review, raise, or correct errors of law into which it may have fallen.

*Matter of Estate of Davis,* 524 N.W.2d 125, 128 (S.D.1994) (quotations omitted). The trial court may grant relief from final judgment based on mistake, surprise, newly discovered evidence and for any other reason which justifies relief. SDCL 15–6–60(b)(1), (2) & (6). The trial court's discretion is to be exercised liberally in accord with legal and equitable principles in order to promote the ends of justice. *City of Lemmon v. U.S. Fidelity & Guaranty Co.,* 293 N.W.2d 433, 437 (S.D.1980); *Kuehn v. First Nat'l Bank in Sioux Falls,* 90 S.D. 96, 103, 238 N.W.2d 490, 494 (1976).

[¶ 16] SDCL 15–6–60(b)(6) allows a court to relieve a party from a final order for any other reason justifying relief from the operation of the judgment. This catchall is not to be resorted to when one of the other specific sections of the statute applies. *Gifford v. Bowling,* 86 S.D. 615, 622, 200 N.W.2d 379, 382 (1972).

[¶ 17] Some pertinent facts the trial court found to be controlling in this were: (1) Collier was represented by counsel throughout the proceedings; (2) this same counsel stipulated to the partial distribution of the property; (3) Collier failed to appeal from this partial decree within the statutory period; (4) Collier had actual notice of all proceedings; and (5) the estate was distributed in accordance with the expressed desire of Testator. A review of the records shows the circuit court did not abuse its discretion in denying Collier's motion under SDCL 15–6–60(b)(6).

[¶ 18] **III. Notice of review—independent administrator.**

[¶ 19] When Bank petitioned to be appointed executor, it did so under SDCL ch. 30–18A. Furthermore, all notices, including the publication, included the independent administration language. The original circuit court judge signed an order setting time for the hearing containing the words "independent administration." The procedural re-

quirements of SDCL ch. 30–18A were met. SDCL 30–18A–2 states:

Any person interested in the estate may appear and object to the granting of authority to administer the estate under this chapter by filing a written statement setting forth his objections. Unless the court shall determine that the objecting party has shown good cause why such authority should not be granted, the court shall grant such authority and the letters testamentary or of administration shall be endorsed to the effect that such letters are issued pursuant to this chapter.

Collier did not object to Bank's petition for independent administration. However, the order prepared for appointment of Bank as executor and letters testamentary omitted the independent administration language provided for in SDCL 30–18A–2. At the time of the hearing on motion for relief, Bank requested that the circuit court determine whether the original judge intended Bank to be an independent administrator. The circuit court, under a new judge, determined that an independent administration was not ordered.

[¶ 20] " 'The construction of a statute is a question of law.' " *State v. Harris*, 494 N.W.2d 619, 622 (S.D.1993) (quoting *Vellinga v. Vellinga*, 442 N.W.2d 472, 473 (S.D.1989)). We determine de novo whether the trial court correctly applied the law. *Permann v. Dept. of Labor*, 411 N.W.2d 113, 117 (S.D.1987).

[¶ 21] Reading SDCL 30–18A–2, the statute has two shall clauses: (1) "the court **shall** grant such authority"; and (2) "the letters testamentary or of administration **shall** be endorsed to the effect" granting independent administration. Interpreting this statute, the circuit court was required to order an independent administrator since no objections were filed. The subsequent failure to include the language within the letters testamentary and the order appointing Bank as executor was clearly a clerical mistake.

SDCL 15–6–60(a) states:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the settled record is transmitted to the clerk of the Supreme Court *and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court.* (Emphasis added.)

The original judge had no discretion in deciding whether to appoint Bank as an independent administrator, thus the subsequent judge's decision clearly was in error. Therefore, this issue shall be remanded to the circuit court to correct this clerical mistake consistent with this opinion.

[¶ 22] MILLER, C.J., and SABERS, KONENKAMP, and GILBERTSON, JJ., concur.