1996 SD 109

**Emlon L. STANTON, Claimant
and Appellee,**

v.

**HILLS MATERIALS COMPANY,
Employer and Appellant,**

and

**Maryland Casualty Company,
Insurer and Appellant.**

Nos. 19228, 19229.

Supreme Court of South Dakota.

Argued Jan. 9, 1996.

Decided Aug. 28, 1996.

Rehearing Denied Sept. 25, 1996.

James D. Leach, Viken, Viken, Pechota, Leach & Dewell, Rapid City, for claimant and appellee.

Benjamin J. Eicher, Wallahan, Banks & Eicher, Rapid City, for appellants.

AMUNDSON, Justice.

Hills Materials Company and Maryland Casualty Company (Employer) appeal a lump-sum award of attorney fees to Emlon L. Stanton (Employee), which was granted without notice to them. Employee filed a notice of review as to the denial of prejudgment interest. We reverse the award of lump-sum attorney fees and remand for rehearing on this issue.

**FACTS**

Employee was a seasonal construction worker for Employer. On or about June 18, 1991, Employee sustained a back injury while operating a bulldozer for Employer. This injury did not prevent Employee from continuing his work. Around November 25, 1991, Employee felt pain while trying to push a heavy roll of material. After both the June 18 and November 25, 1991, accidents, Employee notified his foreman as to his injury.

Employee kept working until December 13, 1991.

Due to his back injury, Employee began treatment with several physicians, including Dr. Steven Goff (Doctor). Employee did not seek medical help until after he ended work on December 13, 1991. On July 13, 1992, Employer requested an opinion from Doctor regarding Employee's ability to return to work. Doctor's report dated August 11 stated that he did not believe Employee could return to heavy equipment work. However, Doctor opined that Employee could work at a "light level of activity that did not involve jarring, pushing, pulling, heavy lifting, and overhead work." After receiving this report, Employer inquired on August 28 if Employee could do flagging work. Doctor replied on September 25, stating Employee had reached maximum medical improvement and that Employee could return to a light level of activity, "[p]ossibly flagging ... trial of this would not be unreasonable." Employer did not immediately try to reemploy Employee because Employer believed that Employee wanted a determination of permanent partial impairment so that benefits would be paid allowing Employee to retire.

On December 29, 1992, Doctor issued a report giving Employee a six-percent whole person impairment and opining that Employee was functional at a light level of activity. Employer offered Employee a lump-sum payment for the six-percent partial permanent disability rating. Employee, who was represented by counsel, refused this offer and sought designation of "odd-lot" permanent total disability benefits. Employer denied odd-lot liability, asserting that Employee was capable of doing flagging work and that he had not yet attempted to perform this job. Originally, Employee refused this flagging position until August 1993, but then began employment as a flagger and continued until September 13, 1993, when he complained he was experiencing great back pain. Employee and Employer sought clarification from Doctor as to Employee's impairment designation. Doctor replied, stating Employee was "not capable of handling the sustained standing activity required by [the flagging] job." Because of his incapability, Doctor questioned Employee's "ability to be employable on a day-to-day basis...."

Due to this report, Employer agreed that Employee was entitled to "odd-lot" benefits. A stipulation was entered into regarding the odd-lot entitlement, which did not contain any provision for a lump-sum payment of attorney fees. This stipulation was approved by the Department of Labor (Department). Originally Employee's attorney (Attorney) approached Employer with an attorney fee demand of $41,313.92, which was twenty percent of the present value of Employee's permanent total disability benefits. Employer rejected this request, based on its belief that this was a nondisputed case. Therefore, Attorney was only entitled to an hourly rate for service rendered. Employer alleged that this raised a conflict of interest between Employee and Attorney. In addition, Employer argued that since Employee's total recovery is not certain (only expected because Employee is receiving monthly payments that cease upon his death), attorney fees cannot be calculated and distributed in a lump sum.

Next Employee's attorney filed with Department a request for approval of attorney fees with supporting documents including the order deeming Employee permanently and totally disabled, the present value calculation of the award, and the amount equalling twenty-five percent of attorney fees, plus six percent sales tax. Department approved payment of $51,642.40 to Attorney. Employer argues that this approval was in error, because it did not have notice or an opportunity to participate in the determination.

Employer requested Department to vacate its order approving attorney fees. Department denied this motion, stating that Employer did not have standing. Employer denied payment of the lump-sum attorney fees, so Employee moved for summary judgment and also requested prejudgment interest. Department granted summary judgment to Employee, but denied prejudgment interest. Employer appealed to the circuit court, which affirmed Department's decision. From these determinations, Employer appeals based on the following issues.

I. Whether the circuit court applied the proper law for granting summary judgment?

II. Whether the circuit court correctly awarded payment of lump-sum attorney fees?

III. Whether the attorney fee award violated due process and equal protection since notice was not provided to Employer?

IV. Whether Attorney and Employee have a conflict of interest?

■■ Because the issue of notice is dispositive to all of Employer's issues, we will address that issue only.

### DECISION

■■■■ Our statutes lay out the procedure for the awarding of lump-sum attorney fees in worker's compensation cases. SDCL 62–7–6 states:

An *employer or employee* who desires to have any unpaid compensation paid in a lump sum may petition the department of labor asking that the compensation be paid in that manner. If, *upon proper notice to interested parties* and proper showing before the department, it appears in the best interests of the employee that the compensation be paid in lump sum, the secretary of labor may order the commutation of the compensation to an equivalent lump-sum amount.... If there is an admission or adjudication of permanent total disability, the secretary may order payment of all or part of the unpaid compensation in a lump sum under the following circumstances:

(1) If the employee has exceptional financial need that arose as a result of reduced income due to the injury; or

(2) If necessary to pay the attorney's fees, costs and expenses approved by the department under § 62–7–36.... (Emphasis added.)

Under SDCL 62–7–36, Department must approve fees for legal services. In addition, SDCL 62–7–36 sets the statutory maximums allowed:

. . . . .

(1) Twenty-five percent of the disputed amount arrived at by settlement of the parties;

(2) Thirty percent of the disputed amount awarded by the department of labor after hearing or through appeal to circuit court;

(3) Thirty-five percent of the disputed amount awarded if an appeal is successful to the Supreme Court.

Attorneys' fees and costs may be paid in a lump sum on the present value of the settlement or adjudicated amount.

■■ ■■ We must determine if Employer is an "interested party." An interested party is one that has standing. A party has standing by establishing it is a real party in interest. In order to be a real party in interest, the persons aggrieved must show that they have suffered "the denial of some claim or right of either person or property...." *Barnum v. Ewing*, 53 S.D. 47, 53, 220 N.W. 135, 138 (1928); *see also Tri County Landfill v. Brule County*, 535 N.W.2d 760, 763 (S.D.1995); *State ex rel. Johnson v. Public Util. Comm'n*, 381 N.W.2d 226, 231 (S.D. 1986); *Keogan v. Bergh*, 348 N.W.2d 462, 463 (S.D.1984); *In re Application of Northern States Power Co.*, 328 N.W.2d 852, 855 (S.D. 1983).

■■ ■■ SDCL 62–7–6 states that an employer or an employee may file for a lump-sum distribution. It is obvious that the legislature felt that both of these parties were "interested parties." The statute does not limit the application for lump-sum attorney fees to only the employee. It is also important to note that subsection (1) deals with the lump-sum distribution of claimant's award. For the statute to provide notice to Employer under this subsection and not under subsection (2), dealing with attorney fees, is illogical. Had the legislature intended a different result, it could have said so. Statutes are interpreted according to the manifest intent as determined from the statute as a whole, as well as other related enactments. *In re Estate of Nelson*, 1996 SD 27, ¶ 7, 544 N.W.2d 882, 884.

■■ Furthermore, there are at least two policy reasons for requiring notice to an Em-

ployer. First, as is the scenario in this case, an employee's attorney could "back door" his lump-sum fee by pursuing a settlement that did not include the attorney fee award and then, once the settlement was entered into by the interested parties, the attorney would seek lump-sum distribution of its fee without giving notice to the employer. Here, had Employer known that Attorney was going to seek lump-sum distribution, the settlement might not have been entered. Second, although the fee does come out of the employee's award, it is the employer who is paying the sum to the attorney. We recognize that other jurisdictions have held that notice to an employer is not required for lump-sum distribution of attorney fees. *See Goodyear Tire & Rubber Co. v. Foreman*, 551 So.2d 409, 411–12 (Ala.Civ.Ct.App. 1989); *Commonwealth v. Combs*, 357 S.W.2d 316, 317–18 (Ky.1962). However, the statutes at issue in these cases separated the issue of lump-sum awards for claimant from the statute allowing partial lump-sum distribution for attorney fees. *See* AlaCode §§ 25–5–57 and 25–5–90 (1995); KyRevStatAnn §§ 342.150 (Michie/Bobbs–Merrill 1993) and 342.320 (Michie/Bobbs–Merrill 1994).

 Based on the foregoing analysis, there is no reason to address the other issues. Therefore, we reverse and remand for a determination of attorney fees in accordance with this decision.

 KONENKAMP, J., concurs.

 MILLER, C.J., and GILBERTSON, J., concur with a writing.

 SABERS, J., concurs specially.

GILBERTSON, Justice (concurring).

 I fully concur with the majority's determination of the employer's right to notice and the corresponding right to be heard before the Department establishes an appropriate attorney's fee. I write separately only to provide guidance as to how, on remand, an appropriate fee is to be determined.

 In this case the Department approved an attorney's fee of $51,642.40, that sum being twenty-five per cent of the present value calculation of the award. SDCL

62–7–8, which was in effect on the date of Stanton's injury, June 18, 1991, provided: "[e]xcept as otherwise provided, fees of attorneys and physicians for services under this title shall be subject to approval of the department." In 1992 the Legislature removed the "attorney's fees" provision from SDCL 62–7–8 and enacted SDCL 62–7–36 to address this subject. SDCL 62–7–36 provides as follows:

> Except as otherwise provided, fees for legal services under this Title shall be subject to approval of the department. Attorneys' fees may not exceed the percentage of the amount of compensation benefits secured as a result of the attorney's involvement as follows:
>
> (1) Twenty-five percent of the disputed amount arrived at by settlement of the parties;
>
> (2) Thirty percent of the disputed amount awarded by the department of labor after hearing or through appeal to the circuit court;
>
> (3) Thirty-five percent of the disputed amount awarded if an appeal is successful to the Supreme Court.
>
> Attorneys' fees and costs may be paid in a lump sum on the present value of the settlement or adjudicated amount.

This statute does not mandate contingent fees over any other type of fee arrangement in workers' compensation cases, nor does it set forth the amount an attorney will charge; it merely sets the maximum limits in relation to the amount of compensation awarded, at various levels of the proceedings. Placing statutory limits on attorney fees does not constitute automatic approval of every contingent fee agreement within the maximum. As noted under either statute, these fees "shall be subject to the approval of the department."

 Nevertheless, without a hearing, the Department awarded the maximum amount allowable under this statute for this type of case disposition. It apparently did so solely based on a contingent fee agreement between Stanton and his attorney, Leach. This is a private agreement which is not binding on the Department under either the former SDCL 62–7–8 or the current version of

SDCL 62–7–36. Under settled law in South Dakota, an attorney has the burden of establishing that the charged fee is justified and reasonable, *In re Estate of Lingscheit,* 387 N.W.2d 738, 741–42 (S.D.1986), and a contingent fee does not, per se, equate with a reasonable attorney fee. " 'It is the duty of the court ... to determine the reasonableness of payments of services of an attorney....' " *In re Estate of Hansen,* 366 N.W.2d 852, 855 (S.D.1985) (quoting *In re Johnson's Estate,* 68 S.D. 598, 5 N.W.2d 38, 41 (1942)). *See Hogaboom v. Economy Mattress,* 107 Idaho 13, 684 P.2d 990, 992–93 (1984) (contingency fees are subject to the same standards of reasonableness as other types of fees; agreement between claimant and attorney, while persuasive evidence, is not dispositive as to the reasonableness of the fee). *See also Eugenie v. Workmen's Compensation Appeal Bd.,* 140 Pa.Cmwlth. 51, 592 A.2d 358, 362 (1991) (worker's compensation statute permitting attorney's fees up to twenty per cent of amount awarded may require less than that amount where the record shows twenty per cent would be unreasonable).

 When examining the appropriateness of a contingent fee agreement or any request for attorney's fees in a workers' compensation setting, two important and competing public policies must be kept in mind.

If attorneys are denied fees for work prosecuted on behalf of an injured work[er], there would be a chilling effect upon the ability of an injured party to obtain adequate representation. Through their insurance companies, employers regularly obtain exceptional and well-qualified counsel to defend them in such cases. It is imperative that courts foster and protect the ability of an injured work[er] to obtain counsel of his choice. We must avoid a policy or a practice which would discourage representation or the taking of appeals where counsel feels that an injured work[er] has been aggrieved at the trial court level. We must also preserve the right of an injured work[er] to have representation where the employer has appealed. When a successful claimant is not awarded attorney fees or when the fees

awarded are too low, the above policy tends to be frustrated.

On the other hand, it is obvious that the total of all attorney fees paid in work[er]s' compensation cases are ultimately reflected in higher insurance premiums and later in the cost of goods and services to the general public. Excessive fees that are not justified by reference to services rendered the work[er] constitute a burden on the system, on other citizens and are against public policy. We must juxtapose the policy demanding preservation of the work[er]'s right to adequate representation with the rights of other citizens to avoid unreasonable increases in the prices they pay for goods and services because of excessive fees paid to lawyers.

*Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718, 719 (1979) (citations omitted). *See Kahn v. State of Minnesota, University of Minnesota,* 327 N.W.2d 21, 24 (Minn 1982) (setting forth similar policies underlying Minnesota's worker's compensation laws).

 Except in cases where all parties agree as to the amount of the fee, the Administrative Law Judge should conduct a hearing, take evidence and enter findings of fact as to what constitutes an appropriate fee. *City of Aberdeen v. Lutgen,* 303 N.W.2d 372, 374–75 (S.D.1981); 3 Larson's Workmen's Compensation Law § 83.13(b) (1996). While the contingent fee agreement certainly is entitled to consideration, it does not bind the ALJ from making an independent determination as to the appropriateness of the fee. "It is the reasonableness of the fee, and not the arrangements the attorney and his client may have agreed upon, which is controlling." *City of Sioux Falls v. Kelley,* 513 N.W.2d 97, 112 (S.D.1994) (quoting *City of Bismarck v. Thom,* 261 N.W.2d 640, 645–46 (N.D.1977)). The Department's decision must supported by substantial evidence in light of the whole record. *Helms v. Lynn's, Inc.,* 1996 SD 8, ¶ 10, 542 N.W.2d 764, 766.

 Other courts have addressed this question in workers' compensation cases and

found the following factors relevant for consideration in determining a reasonable fee on a contingency basis:

(1) the anticipated time and labor required to perform the legal services properly; (2) the novelty and difficulty of the legal issues involved in the matter; (3) the fees customarily charged for similar legal services; (4) the possible total recovery if successful; (5) the time limitations imposed by the client or circumstances of the case; (6) the nature and length of the attorney-client relationship; (7) the experience, skill and reputation of the attorney; (8) the ability of the client to pay for the legal services to be rendered; and (9) the risk of no recovery.

*Hogaboom*, 684 P.2d at 992; *Kahn*, 327 N.W.2d at 24, n. 2 (factors provided by statute); *East Coast Tire Co. v. Denmark*, 381 So.2d 336, 338 (Fla.App.1980) (factors provided by statute); 3 Larson's Workmen's Compensation Law § 83.13(c) (1996).[1]

 The above factors are nearly identical to those set forth in Rule 1.5 of the Model Rules of Professional Conduct, which we cited with approval in *Kelley*, 513 N.W.2d at 111. In that case, we stated "it is virtually impossible to set out every conceivable item that should be considered. If the trial judge finds justification or reason to include something else of significance, he should state those reasons and justifications for inclusion in his ultimate determination." *Id.* at 112.[2] In *Kelley*, we held the contingency fee agreement at issue did not establish a reasonable fee for the case since it constituted only one of the factors to be considered in determining what is a reasonable fee. *Id.*

 Given the factors that must be considered in making a determination of reasonableness as to attorney's fees in workers' compensation cases, I would view this issue to be a mixed question of fact and law. As such, it is reviewed de novo. *In re Hendrickson's Health Care Serv.*, 462 N.W.2d 655, 656 (S.D.1990); *Permann v. Dep't of Labor*, 411 N.W.2d 113, 119 (S.D.1987). While a fee of $51,642.40 for this type of minimal proceedings is generous at best, further proceedings are necessary to determine if it can be justified at all. As the Florida Supreme Court stated in an early workers' compensation case, "[b]enefits are measured on the basis of compensation. Attorney's fees are incident to benefits and if not measured by the factors pointed out herein, they are liable to grow and grow until they kill the goose that laid the golden eggs." *Tampa Aluminum*, 132 So.2d at 419.

 MILLER, C.J., joins this special writing.

SABERS, Justice (concurring specially).

 I concur in the opinion but write specially to object to the special concurrence because:

 1. It is unnecessary dicta and doubles the length of the opinion.

 2. It discusses subject matter that has neither been researched and briefed by the attorneys, nor presented as an issue in the lower court or on appeal.

 3. The subject matter has not been discussed by the trial court. In fact, there is

---

**1.** In *Wight v. Hughes Livestock Co., Inc.*, 204 Mont. 98, 664 P.2d 303, 312 (1983), the Montana Supreme Court set out the factors as above for determining reasonableness of attorney's fees in a workers' compensation case. Responding to the court's holding in *Wight*, the Montana Legislature enacted a statute which now requires the fee be based exclusively on time spent by the attorney. *Baeta v. Don Tripp Trucking*, 254 Mont. 487, 839 P.2d 566, 569 (1992) *overruled on other grounds by Kloepfer v. Lumbermens Mut. Cas. Co.*, 272 Mont. 78, 899 P.2d 1081, 1084 (1995). The *Baeta* court noted the key wording of the new statute grants judicial discretion in determining the reasonableness of the fee in that

the statute provides "the attorney must document the time spent and give the documentation to the judge. *The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him.*" (emphasis original) *Id.* (quoting Montana Code Ann. § 39–71–614 (1985)).

**2.** For example, the Florida Supreme Court held the small size of the employer's business to be a relevant factor in a worker's compensation case wherein the payor was the employer. *Tampa Aluminum Prod. Co. v. Watts*, 132 So.2d 414, 418 (Fla.1961).

nothing in the trial court's opinion to even indicate the parties would have any difficulty in determining appropriate attorney's fees.

 4. We have enough work without attempting to resolve unasked questions.

We should wait for issues to come before us before volunteering extensive discourse.